**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**



**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 26 2026

JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| Blessed Emmanuel Omoobajesu, Plaintiff, Pro Se, | Civil Action No. _____ |
| v. | |
| Officer Ellingson (previously identified in grievances as Officer Ellington), individually and in his official capacity; and El Paso County Sheriff's Office, Defendants. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) |

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, which provides a civil remedy against persons acting under color of state law who deprive an individual of rights secured by the Constitution and laws of the United States.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions and seeks redress for the deprivation of constitutional rights.

3. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in El Paso County, Colorado.

4. At all times relevant to this Complaint, Plaintiff was incarcerated at the El Paso County Criminal Justice Center in El Paso County, Colorado.

## II. PARTIES

5. Plaintiff Blessed Emmanuel Omoobajesu is an incarcerated individual who, at all times relevant to this Complaint, was housed in the El Paso County Criminal Justice Center.

6. Defendant Officer Ellingson was, at all relevant times, a correctional officer employed at the El Paso County Criminal Justice Center and acted under color of state law.

7. Plaintiff originally identified this officer in grievance materials as "Officer Ellington." Plaintiff later learned that the correct spelling of the officer's name is "Officer Ellingson." All references in grievance records to "Ellington" refer to Defendant Officer Ellingson, and this correction is noted to avoid any confusion about the intended Defendant.

8. Defendant El Paso County Sheriff's Office operated, managed, supervised, and set policy for the El Paso County Criminal Justice Center, including officer training, inmate safety procedures, PREA compliance, and grievance procedures.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was housed in Unit E1 beginning on or about November 10, 2025, and later in Unit C1 beginning on or about December 6, 2025.

10. During Plaintiff's incarceration, Defendant Officer Ellingson made sexually inappropriate and harassing comments toward Plaintiff and toward other inmates.

11. The sexual comments and conduct described above caused Plaintiff humiliation, fear, emotional distress, and anxiety while incarcerated.

12. Sexual harassment by correctional staff undermines inmate safety and dignity and implicates custodial safety standards established under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 et seq., and its implementing regulations.

13. On January 5, 2026, Plaintiff filed Grievance No. 891039 reporting the sexual harassment.

14. Although the grievance reported sexual harassment by staff, the facility did not provide a timely response. The grievance was not answered until February 25, 2026, approximately 51 days after it was filed.

15. This excessive delay in responding to a grievance concerning sexual harassment demonstrated deliberate indifference to Plaintiff's complaint and undermined the availability and reliability of the grievance process.

16. Upon information and belief, the housing unit lacked clearly visible PREA postings or other clear instructions informing inmates how to report sexual abuse or sexual harassment safely and promptly.

17. The facility relied heavily or exclusively on an electronic kiosk system for grievances and inmate requests.

18. The kiosk system frequently malfunctioned, erased submissions, interrupted inmate attempts to submit grievances, or otherwise prevented inmates from reliably completing and preserving grievance filings.

19. Because of these kiosk problems, inmates lacked a dependable paper trail for grievances, medical requests, or mental-health requests, and Plaintiff's ability to document and pursue complaints was materially impaired.

20. The delayed grievance response, the absence of clear PREA reporting information, and the malfunctioning kiosk process combined to create an unsafe custodial environment in which serious misconduct could go unaddressed.

21. Plaintiff alleges that Defendant Officer Ellingson's conduct, together with the facility's failure to provide a functioning reporting and grievance process, exposed Plaintiff to continued fear of misconduct and deprived Plaintiff of meaningful access to administrative remedies.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff attempted to use available administrative remedies by filing Grievance No. 891039 on January 5, 2026.

23. The grievance was not answered until February 25, 2026, approximately 51 days later.

24. Plaintiff further encountered a grievance system that depended on a malfunctioning kiosk and did not provide a reliable paper record of submitted complaints.

25. Under Ross v. Blake, 578 U.S. 632 (2016), the Prison Litigation Reform Act requires exhaustion only of those administrative remedies that are actually available in practice. Where a grievance process operates as a dead end, is so opaque as to be practically unusable, or is thwarted by prison officials, the remedy is unavailable.

26. Plaintiff alleges that the grievance system here was effectively unavailable or materially obstructed because of the prolonged delay in responding to a grievance about staff sexual harassment and because of the unreliable kiosk-based process.

## V. CLAIM ONE - VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS

27. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Defendants acted under color of state law at all relevant times.

29. The Constitution protects incarcerated persons from cruel and unusual punishment and from deliberate indifference to conditions posing a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825 (1994). To the extent Plaintiff was a pretrial detainee during any relevant period, these protections arise through the Fourteenth Amendment; to the extent Plaintiff was convicted, they arise through the Eighth Amendment.

30. Defendant Officer Ellingson's sexually inappropriate and harassing comments constituted an abuse of official authority and contributed to a custodial environment of intimidation, humiliation, and fear.

31. Courts have recognized that sexual harassment by correctional staff can, in appropriate circumstances, state a constitutional claim. See Beal v. Foster, 803 F.3d 356 (7th Cir. 2015).

32. By engaging in sexual harassment and by failing to respond appropriately to Plaintiff's complaint, Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

## VI. CLAIM TWO - FAILURE TO PROTECT / DELIBERATE INDIFFERENCE

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Correctional officials have an affirmative duty to take reasonable measures to guarantee inmate safety and to protect inmates from a substantial risk of serious harm. Farmer, 511 U.S. at 832-34.

35. Defendant Officer Ellingson's conduct created a substantial risk of harm by using official authority to subject Plaintiff to sexual harassment and intimidation.

36. Facility officials failed to timely investigate or meaningfully address Plaintiff's grievance reporting sexual harassment by staff.

37. The prolonged failure to respond to Plaintiff's grievance and the absence of reliable reporting mechanisms constituted deliberate indifference to inmate safety and to the risk of continued misconduct.

## VII. CLAIM THREE - DENIAL OF MEANINGFUL ACCESS TO ADMINISTRATIVE REMEDIES

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. A grievance system that is unavailable in practice cannot bar a prisoner's claims under the Prison Litigation Reform Act. Ross, 578 U.S. at 642-44.

40. Here, Plaintiff attempted to use the grievance process but encountered a 51-day delay in response to a grievance concerning sexual harassment, combined with a malfunctioning kiosk-based system that interfered with grievance submission and recordkeeping.

41. These obstacles rendered administrative remedies effectively unavailable or materially obstructed and further demonstrate deliberate indifference to Plaintiff's complaint.

## VIII. CLAIM FOUR - MUNICIPAL LIABILITY / POLICY OR CUSTOM

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. A municipality or local governmental entity may be liable under 42 U.S.C. § 1983 when an official policy, custom, failure to train, or failure to supervise is the moving force behind a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

44. Municipal liability may also arise where policymakers are deliberately indifferent to the need for training or supervision in a context where constitutional violations are a plainly obvious consequence. City of Canton v. Harris, 489 U.S. 378 (1989).

45. The Supreme Court has further emphasized that municipal liability requires a direct causal link between the challenged policy or custom and the constitutional injury. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397 (1997).

46. Defendant El Paso County Sheriff's Office maintained policies, customs, practices, or failures in training and supervision that allowed constitutional violations to occur, including but not limited to: inadequate training regarding sexual misconduct and inmate dignity; inadequate PREA implementation and reporting access; maintenance of a malfunctioning kiosk-based grievance system; and failure to ensure timely investigation and response to serious complaints involving staff sexual harassment.

47. These policies, customs, and failures to train or supervise were a moving force behind the violations of Plaintiff's constitutional rights alleged in this Complaint.

## IX. PATTERN AND PRACTICE OF DELIBERATE INDIFFERENCE

48. Plaintiff alleges that the conditions described above were not isolated clerical oversights but reflected a broader pattern and practice of deliberate indifference to inmate safety, sexual-misconduct reporting, and grievance access.

49. This pattern and practice included the absence of clear PREA reporting information, reliance on an unreliable kiosk system for grievance submission, prolonged delay in responding to a grievance about sexual harassment, and inadequate training or supervision regarding staff sexual misconduct.

50. These systemic failures made it more likely that sexual harassment would go unreported, underreported, or unaddressed, and they reinforced an environment in which inmates could not depend on a functioning grievance process for protection or redress.

## X. DAMAGES

51. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered emotional distress, humiliation, anxiety, fear, and mental anguish.

52. Plaintiff seeks compensatory damages in the amount of $25,000.

53. Plaintiff further seeks punitive damages against Defendant Officer Ellingson in an amount to be determined at trial.

## XI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's rights under the Constitution and laws of the United States;

B. Award compensatory damages in the amount of $25,000;

C. Award punitive damages against Defendant Officer Ellingson;

D. Award appropriate injunctive relief requiring constitutionally adequate reporting and grievance procedures and appropriate compliance with sexual-misconduct reporting requirements;

E. Award costs and any other relief the Court deems just and proper.

## XII. JURY DEMAND

54. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Blessed Emmanuel Omoobajesu

Plaintiff, Pro Se

Date: 3·23·26